RICKY DARNELL GRAY
v.
LOUISIANA PAROLE BOARD.
No. 2007 CA 0426.
Court of Appeals of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
RICKY DARNELL GRAY, Plaintiff-Appellant in Proper Person.
WENDELL C. WOODS, Attorney for Defendant-Appellee, Louisiana Parole Board.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
PETTIGREW, J.
In this case, petitioner, an inmate in the custody of the Department of Public Safety and Corrections, filed the instant suit seeking review of his parole revocation by the Louisiana State Parole Board. After considering the record evidence, the Commissioner made the following findings concerning petitioner's actions:
The Commissioner finds the parole revocation record does not support the petitioner's claim for relief .... The narrative record contained in the revocation record ... indicates that on June 12, 2000 Louisiana parole authorities advised Texas parole authorities that Louisiana would accept Texas supervision of the petitioner's parole. On June 30, 2000 Texas parole authorities advised Louisiana the petitioner was to report to Parole Officer Dees upon his return to Louisiana. The narrative indicates the petitioner did not report to Louisiana authorities and a warrant was issued on September 6, 2000 charging the petitioner with absconding from supervision. On September 28, 2000 Parole Officer Dees mailed the petitioner written notice to return to Louisiana and report for supervision. The petitioner was subsequently arrested in Dallas, Texas and was later returned to custody in Louisiana where he was revoked on August 28, 2003. The petitioner acknowledged in both an August 21, 2003 pre-revocation letter to the Parole Board ... and his petition for judicial review ... that he received written notice from Parole Officer Dees instructing him to return to Louisiana for supervision. The record indicates that the petitioner was advised that his supervision was transferred back to Louisiana and he failed to report as instructed. The revocation record filed in this matter supports the finding that the petitioner absconded from supervision when he failed to return to Louisiana as instructed by his supervising parole officer. This Commissioner recognizes that R.S. 15:574.9C provides that a preliminary hearing to determine probable cause is not required where a petitioner is charged with absconding supervision. The petitioner was not entitled to a preliminary hearing in this matter. This Commissioner finds the record supports the finding by the Parole Board that the petitioner absconded from supervision and the petitioner fails to demonstrate a violation of his due process rights in this matter. [Emphasis added.]
Following a de novo review of the record herein, including the traversal by petitioner and the Commissioner's Report, the trial court maintained the decision of the Parole Board, dismissing petitioner's suit with prejudice. This appeal followed. After a thorough review of the record and relevant jurisprudence, we find no error of law or abuse of discretion by the trial court. Accordingly, we affirm the trial court's judgment in accordance with Uniform RulesCourts of Appeal, Rule 2-16.2A(5), (6), (7), and (8). All costs associated with this appeal are assessed against petitioner, Ricky Darnell Gray.
AFFIRMED.